# Exhibit "A"



**null / ALL**
**Transmittal Number: 24925245**
**Date Processed: 05/16/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melanie Martin<br>Res-Care, Inc. d/b/a Brightspring Health Services<br>805 N Whittington Pkwy<br>Louisville, KY 40222-5186 |
| **Electronic copy provided to:** | Jalyn Hewitt |
| **Entity:** | Res-Care, Inc.<br>Entity ID Number  2964224 |
| **Entity Served:** | Res-Care, Inc. |
| **Title of Action:** | Jennifer Hutchinson vs. Res-Care, Inc. dba Rescare Pomona Valley |
| **Matter Name/ID:** | Jennifer Hutchinson vs. Res-Care, Inc. dba Rescare Pomona Valley (12289123) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22PSCV00011 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/16/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | C&B Law Group LLP<br>213-906-3430 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2022 08:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk

Case 2:22-cv-04104-JLS-MAR Document 1 Filed 06/15/22 Page 3 of 33 Page ID #:12

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RES-CARE, INC. dba RESCARE POMONA VALLEY, a Delaware corporation; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER HUTCHINSON, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Pomona Courthouse

400 Civic Center Plaza
Pomona, CA 91766

CASE NUMBER:
*(Número del Caso):* **22PSCV00011**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack Bazerkanian, 2315 W Burbank Blvd., Burbank CA 91506, (213)986-3430

| DATE:<br>*(Fecha)* 01/06/2022 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* J. Gonzalez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] *Superior Court of California County of Los Angeles*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Res-Care, Inc.

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hutchinson v. Res-Care, Inc. dba ResCare Pomona Valley et al. | |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

RSCR CALIFORNIA, INC. dba RESCARE POMONA VALLEY, a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Thomas Falls

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2022 02:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

**C&B LAW GROUP LLP**
Jack Bazerkanian, State Bar No. 299031
James Shin, State Bar No. 299101
Frederick Stoker, State Bar No. 326566
Tiffany Ariavand, State Bar No. 331136
2315 W Burbank Blvd.
Burbank, CA 91506
Telephone: (213) 986-3430
Facsimile: (213) 986-9860

Attorneys for Plaintiff
Jennifer Hutchinson

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JENNIFER HUTCHINSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RES-CARE, INC. dba RESCARE POMONA VALLEY, a Delaware corporation; RSCR CALIFORNIA, INC. dba RESCARE POMONA VALLEY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 22PSCV00011<br>*Assigned for all purposes to:*<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Age Discrimination in Violation of Gov. Code § 12940(a)<br><br>2. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br><br>3. Wrongful Termination in Violation of Public Policy<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jennifer Hutchinson brings this action against Defendants Res-Care, Inc., RSCR California, Inc. and Does 1 through 50, inclusive ("Defendants"), and alleges as follows:

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

1

**THE PARTIES**

2   1.  Plaintiff, Jennifer Hutchinson, is an adult female over the age of forty (40) residing

3 in the City of Los Angeles, County of Los Angeles, State of California. At all times mentioned

4 herein, Plaintiff was an employee within the meaning of California Government Code §§ 12940 et

5 seq., which obligates employers to provide a work environment free from age discrimination and

6 retaliation, and to take all reasonable steps necessary to prevent discrimination and retaliation from

7 occurring.

8   2.  Defendant Res-Care, Inc. ("RCI") was and is a Delaware corporation licensed to do

9 business and doing business as ResCare Pomona Valley in the State of California, with its principal

10 place of business located at 165 W Alford Street, Suite 301, Glendora, California. Defendant RCI

11 was at all material times an employer within the meaning of California Government Code §§

12 12926(d) and 12940(j)(4)(A) and, as such, is barred from discriminating in employment, as set forth

13 in Government Code § 12940, et seq.

14   3.  Defendant RSCR California, Inc. ("RSCR") was and is a Delaware corporation

15 licensed to do business and doing business as ResCare Pomona Valley in the State of California,

16 with its principal place of business located at 2425 Hoover Avenue, National City, California.

17 Defendant RSCR was at all material times an employer within the meaning of California

18 Government Code §§ 12926(d) and 12940(j)(4)(A) and, as such, is barred from discriminating in

19 employment, as set forth in Government Code § 12940, et seq.

20   4.  The true names and capacities, whether individual, corporate, associate or otherwise

21 of the Defendants named herein as Does 1 through 50, are unknown to Plaintiff at this time.

22 Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California

23 Code of Civil Procedure. Plaintiff will seek leave to amend this Complaint to allege the true names

24 and capacities of Does 1 through 50 when their names are ascertained. Plaintiff is informed and

25 believes, and based thereon alleges, that each of the Doe Defendants is in some manner liable to

26 Plaintiff for the events and actions alleged herein. All named Defendants, and Does 1 through 50,

27 will be collectively referred to as "Defendants."

28   5.  Plaintiff is informed and believes, and based thereon alleges, that at all times, each

- 2 -

**COMPLAINT FOR DAMAGES**

1    Defendant was acting as an agent, joint venturer, and/or alter ego for each of the other Defendants

2    and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so

3    that each is responsible for the acts of the other in connection with the conspiracy in such wrongful

4    acts in connection with the other Defendants.

5        6.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant

6    was acting partly within and partly without the scope and course of their employment, and was

7    acting with the knowledge, permission, consent, and ratification of every other Defendant.

8                         **JURISDICTION AND VENUE**

9        7.      Pursuant to the California Government Code §12965(b), an action under the Fair

10    Employment and Housing Act may be brought in any county in the state in which the unlawful

11    practice is alleged to have been committed, in the county where relevant records are maintained, or

12    in the county where the aggrieved person would have worked.

13        8.      This Court has proper jurisdiction of this action because the alleged wrongful and

14    discriminatory conduct occurred at a place of employment situated in the County of Los Angeles,

15    State of California.

16               **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17        9.      Plaintiff has met all of the jurisdictional requirements for proceeding with her

18    claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government

19    Code, Section 12960, et seq., by timely filing administrative complaints with the Department of

20    Fair Employment and Housing ("DFEH") and receiving a Notice of Case Closure and a Right to

21    Sue letter. This action is filed within one year of the date of that Right to Sue letter. Accordingly,

22    Plaintiff has fully exhausted her administrative remedies.

23      **ALLEGATIONS COMMON TO MORE THAN ONE CAUSE OF ACTION**

24        10.     Plaintiff re-alleges and incorporates by reference each and every allegation in this

25    complaint as though fully set forth herein.

26        11.     On or about February 12, 2010, Plaintiff began working for Defendants as a

27    Registered Nurse.

28        12.     Throughout her employment with Defendants, Plaintiff performed her duties

**COMPLAINT FOR DAMAGES**

1    satisfactorily.  Indeed, Plaintiff received favorable performance reviews throughout the entirety of

2    her employment.

3          13.     Sometime in or around early 2019, Defendants began phasing out older employees.

4          14.     Around that time, Plaintiff's supervisor, who was an older employee, was replaced

5    by a much younger Licensed Vocational Nurse, despite being less qualified than Plaintiff, who was

6    a Registered Nurse.

7          15.     In the following months, other older employees were either let go or made to leave.

8          16.     On several different occasions, Plaintiff's new supervisor made remarks to Plaintiff

9    relating to her age, such as asking "when are you finally going to quit" and stating that she should

10    "retire soon."

11          17.     In January of 2020, Plaintiff was suddenly placed on suspension by Defendants

12    without explanation.  When asked about the reason for the suspension, Plaintiff's supervisor, as

13    well as other employees of Defendants all responded that they did not know the reason, but

14    instructed Plaintiff not to return to the workplace for the time being.

15          18.     On or about January 17, 2020, Plaintiff's employment was terminated by

16    Defendants.

17                            **FIRST CAUSE OF ACTION**

18      **(Age Discrimination in Violation of the California Government Code § 12940(a))**

19                       (Against All Defendants)

20          19.     Plaintiff re-alleges and incorporates by reference each and every allegation in this

21    complaint as though fully set forth herein.

22          20.     At all times herein mentioned, the Fair Employment and Housing Act (Gov. Code §

23    12900 et seq.) and its implementing regulations were in full force and effect and binding on

24    Defendants.  Gov. Code § 12940(a) makes it unlawful for an employer to discriminate against an

25    employee on the basis of the employee's age.

26          21.     Plaintiff was over the age of forty at the time she was discriminated against and

27    terminated by Defendants.

28          22.     Plaintiff is informed and believes and based thereon alleges that her age was a

**COMPLAINT FOR DAMAGES**

1  motivating factor in Defendants' decision to terminate Plaintiff, in violation of Government Code

2  12940(a) and other provisions of FEHA.

3      23.    Defendants' refusal to continue Plaintiff's employment constitutes disparate

4  treatment in that it was based on the fact that Plaintiff was an individual over the age of forty.

5      24.    As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has

6  sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the

7  exact amount to be proven at trial.  Such damages include:

8      • Loss of salary and other valuable employment benefits;

9      • Prejudgment interest and interest on the sum of damages at the legal rate; and

10     • Other consequential damages, including damages for shame, humiliation, mental

11         anguish and emotional distress caused by the conduct of Defendants.

12      25.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

13  compelled to retain legal counsel and is entitled to reasonable attorneys' fees and costs of suit,

14  pursuant to Government Code § 12965(b).

15      26.    The wrongful acts against Plaintiff were carried out, authorized or ratified by

16  Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or

17  deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff and with

18  the intent to deprive Plaintiff of her employment rights.  The conduct of Defendants was also

19  malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940,

20  et seq.  On that basis, Plaintiff seeks punitive and exemplary damages against Defendants as a

21  means of punishing Defendants and by way of example to deter such behavior in the future as

22  being contrary to sound public policy.

23                          **SECOND CAUSE OF ACTION**

24       **(Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k))**

25                            (Against All Defendants)

26      27.    Plaintiff re-alleges and incorporates by reference each and every allegation in this

27  complaint as though fully set forth herein.

28      28.    At all times mentioned herein, the California Fair Employment and Housing Act

- 5 -

**COMPLAINT FOR DAMAGES**

1   (Gov. Code § 12900 et seq.) and its implementing regulations were in full force and effect and

2   binding on the Defendants.  Pursuant to Government Code § 12940(k), it is unlawful for an

3   employer to fail to prevent discrimination or retaliation from existing in the workplace.  An

4   employer has an affirmative duty to maintain a working environment free of discrimination and

5   every individual is entitled to work in a discrimination-free environment and an employer's failure

6   or refusal to provide this, in and of itself, is the denial of the "terms, conditions, privileges of

7   employment" and is a violation of the law.

8        29.     In engaging in the conduct described above, the Defendants failed to engage in any

9   reasonable steps to prevent discrimination against Plaintiff.

10       30.     Plaintiff is informed and believes and thereon alleges that the Defendant does not

11  have appropriate policies, procedures, practices, guidelines, rules, and/or trainings regarding the

12  prevention of discrimination in the workplace, and in particular, prevention of discrimination based

13  upon age.

14       31.     As a direct and proximate result of Defendants' discrimination, Plaintiff has

15  sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the

16  exact amount to be proven at trial.  Such damages include, but are not limited to:

17           a)     Loss of salary and other valuable employment benefits;

18           b)     Prejudgment interest and interest on the sum of damages at the legal rate;

19                  and

20           c)     Other consequential damages, including damages for shame, humiliation,

21                  mental anguish and emotional distress caused by the conduct of Defendants.

22       32.     As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

23  compelled to retain legal counsel and is entitled to reasonable attorneys' fees and costs of suit,

24  pursuant to Government Code § 12965(b).

25       33.     The wrongful acts against Plaintiff were carried out, authorized or ratified by

26  Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or

27  deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff and with

28  the intent to deprive Plaintiff of her employment rights.  The conduct of Defendants was also

- 6 -

**COMPLAINT FOR DAMAGES**

1  malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940,

2  et seq.  On that basis, Plaintiff seeks punitive and exemplary damages against Defendants as a

3  means of punishing Defendants and by way of example to deter such behavior in the future as

4  being contrary to sound public policy.

5  **THIRD CAUSE OF ACTION**

6  **(Wrongful Termination in Violation of Public Policy)**

7  (Against All Defendants)

8        34.    Plaintiff re-alleges and incorporates by reference each and every allegation in this

9  complaint as though fully set forth herein.

10        35.    The above-described conduct by Defendants, and each of them, was against

11  fundamental public policies of the State of California as evidenced by the enactment of the Fair

12  Employment and Housing Act ("FEHA", Gov. Code § 12900, et seq.) ("In enacting the FEHA, the

13  Legislature declared that it is a civil right to seek, obtain, and hold employment without

14  discrimination, and that it is the public policy of this state to protect and safeguard such rights and

15  opportunities.")

16        36.    In terminating Plaintiff's employment and retaliating against Plaintiff because she

17  exercised her rights under the FEHA, Defendants, and each of them, violated the Fair Employment

18  and Housing Act.

19        37.    As a direct and proximate result of the acts of Defendants, and each of them, as

20  alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other

21  economic damages, and has necessarily expended sums in the treatment of physical and mental

22  injuries, in an amount to be ascertained at the time of trial.

23        38.    As a direct and proximate results of Defendants' conduct, and each of them, as

24  alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of

25  the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants'

26  acts in an amount to be ascertained at the time of trial.

27        39.    As a direct and proximate result of Defendants' conduct, as alleged above, Plaintiff

28  has suffered humiliation, mental and physical distress, anxiety and nervousness and has been

**COMPLAINT FOR DAMAGES**

1    generally damaged in an amount to be ascertained at the time of trial.

2        40.    The conduct of Defendants, through their agents, as described herein was malicious,

3    fraudulent, and oppressive and/or done with knowledge that they were acting in violation of federal

4    and state law, and/or with a willful and conscious disregard for Plaintiff's rights and for the

5    deleterious consequences of their actions.  Consequently, Plaintiff is entitled to punitive damages.

6                            **PRAYER FOR RELIEF**

7        **WHEREFORE,** Plaintiff prays for judgment against Defendants and Does 1 through 50,

8    inclusive, as follows:

9        1.    For all actual, consequential and incidental financial losses, including but not

10   limited to loss of earnings, employment benefits, and employment opportunities according to

11   proof;

12       2.    For compensatory and general damages according to proof;

13       3.    For exemplary and punitive damages;

14       4.    For statutory attorney's fees and costs;

15       5.    For costs of suit;

16       6.    For pre-judgment and post-judgment interest, at the legal rate; and

17       7.    For such other and further relief as the Court deems just and proper.

18

19

20   Dated: January 6, 2022                              **C&B LAW GROUP LLP**

21

22                                    By: _____

23                                            Jack Bazerkanian, Esq.
                                              Attorneys for Plaintiff
24                                            Jennifer Hutchinson

25

26

27

28

- 8 -

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury.

3

4

5   Dated: January 6, 2022                    **C&B LAW GROUP LLP**

6

7                                      By: _____
                                            Jack Bazerkanian, Esq.
8                                            Attorneys for Plaintiff
                                             Jennifer Hutchinson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jack Bazerkanian, SBN 299031<br>C&B LAW GROUP LLP<br>2315 W Burbank Blvd.<br>Burbank, CA 91506 | |

TELEPHONE NO.: (213) 986-3430    FAX NO.: (213) 986-9860
ATTORNEY FOR *(Name):* Plaintiff Jennifer Hutchinson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona 91766
BRANCH NAME: Pomona Courthouse

CASE NAME:
Hutchinson v. Res-Care, Inc. dba ResCare Pomona Valley et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22PSCV00011 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[✓] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):*  Three (3)

5. This case [ ] is   [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/06/2022

Jack Bazerkanian
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

| SHORT TITLE: Hutchinson v. Res-Care, Inc. dba ResCare Pomona Valley et al. | CASE NUMBER 22PSCV00011 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Hutchinson v. Res-Care, Inc. dba ResCare Pomona Valley et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Hutchinson v. Res-Care, Inc. dba ResCare Pomona Valley et al. | CASE NUMBER  22PSCV00011 |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hutchinson v. Res-Care, Inc. dba ResCare Pomona Valley et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>❑ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>165 W Alford St. |
|---|---|
| CITY:<br>San Dimas | STATE:<br>CA | ZIP CODE:<br>91773 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___East___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 01/06/2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/06/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Gonzalez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22PSCV00011 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Thomas C. Falls | R | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/06/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Gonzalez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| **COURTHOUSE ADDRESS:** Pomona Courthouse South 400 Civic Center Plaza, Pomona, CA 91766 | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/07/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ L. Olmos _____ Deputy |
| **PLAINTIFF:** Jennifer Hutchinson | |
| **DEFENDANT:** Res-Care, Inc. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:** 22PSCV00011 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/24/2022 | Time: 8:30 AM | Dept.: R |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 01/07/2022

_____
**Thomas C. Falls / Judge**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Pomona_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Hagop Jack Bazerkanian
2315 W Burbank Blvd

Burbank, CA 91506

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/07/2022

By L. Olmos
Deputy Clerk

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

01/07/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____L. Olmos_____ Deputy

COURTHOUSE ADDRESS:

Pomona Courthouse South

400 Civic Center Plaza, Pomona, CA 91766

PLAINTIFF(S):

Jennifer Hutchinson

DEFENDANT(S):

Res-Care, Inc. et al

## ORDER TO SHOW CAUSE HEARING

CASE NUMBER:

22PSCV00011

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>05/24/2022</u> at <u>8:30 AM</u> in department <u>R</u> of this court, <u>Pomona Courthouse South</u> and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>01/07/2022</u>

_____
Thomas C. Falls / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Pomona Courthouse South 400 Civic Center Plaza, Pomona, CA 91766 | **FILED** Superior Court of California County of Los Angeles **01/07/2022** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ L. Olmos _____ Deputy |
| **PLAINTIFF/PETITIONER:** Jennifer Hutchinson | |
| **DEFENDANT/RESPONDENT:** Res-Care, Inc. et al | |
| **CERTIFICATE OF MAILING** | **CASE NUMBER:** 22PSCV00011 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Pomona, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hagop Jack Bazerkanian
C&B Law Group LLP
2315 W Burbank Blvd
Burbank, CA 91506

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/7/2022            By: L. Olmos
                                 Deputy Clerk

**CERTIFICATE OF MAILING**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jack Bazerkanian, SBN 299031
2315 W Burbank Blvd.
Burbank, CA 91506

TELEPHONE NO.: (213) 986-3430    FAX NO. *(Optional)*: (213) 986-9860
E-MAIL ADDRESS *(Optional)*: jack@cblawgroup.com
ATTORNEY FOR *(Name)*: Plaintiff Jennifer Hutchinson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse South

PLAINTIFF/PETITIONER: Jennifer Hutchinson

DEFENDANT/RESPONDENT: Res-Care, Inc. dba ResCare Pomona Valley et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 22PSCV00011 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 05/24/2022    Time: 8:30 a.m.    Dept.: R    Div.:    Room:

Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone, by *(name)*: Tiffany Ariavand

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiff Jennifer Hutchinson
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: January 6, 2022
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not)*:
          Res-Care Inc. & RSCR California Inc. have not been served, service is ongoing.
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    *(Describe, including causes of action)*:
      1) Age Discrimination; 2) Failure to Prevent Discrimination; & 3) Wrongful Termination

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jennifer Hutchinson | CASE NUMBER: 22PSCV00011 |
| DEFENDANT/RESPONDENT: Res-Care, Inc. dba ResCare Pomona Valley et al. | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff, a former employee of Defendants', alleges that her employment was wrongfully terminated based on her age in violation of FEHA.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):* 5-7
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** *(if available).*
(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jennifer Hutchinson | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Res-Care, Inc. dba ResCare Pomona Valley et al. | 22PSCV00011 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Jennifer Hutchinson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Res-Care, Inc. dba ResCare Pomona Valley et al. | 22PSCV00011 |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Jennifer Hutchinson | Written Discovery | Per Code |
| Plaintiff Jennifer Hutchinson | Depositions | Per Code |
| Plaintiff Jennifer Hutchinson | Expert Discovery | Per Code |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Jennifer Hutchinson | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Res-Care, Inc. dba ResCare Pomona Valley et al. | 22PSCV00011 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 05/13/2022

Jack Bazerkanian
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California, County of Los Angeles

| |
|---|
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE** |
| **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.** |
| **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint. |

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
    - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs**
    https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

    Day of trial mediation programs have been paused until further notice.

    **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

1  | **C&B LAW GROUP LLP**
2  | Jack Bazerkanian, State Bar No. 299031
   | James Shin, State Bar No. 299101
3  | Frederick Stoker, State Bar No. 326566
   | Tiffany Ariavand, State Bar No. 331136
4  | 2315 W Burbank Blvd.
   | Burbank, CA 91506
5  | Telephone: (213) 986-3430
   | Facsimile: (213) 986-9860
6  |
   | Attorneys for Plaintiff
7  | Jennifer Hutchinson

8  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  | **FOR THE COUNTY OF LOS ANGELES**

10 |

11 | JENNIFER HUTCHINSON, an individual,    Case No.: 22PSCV00011

12 | Plaintiff,    Assigned for all purposes to:
   |              Judge:  Hon. Thomas C. Falls
13 | v.    Dept.:  R

14 |

15 | RES-CARE, INC. dba RESCARE POMONA VALLEY, a Delaware corporation; RSCR    **NOTICE OF POSTING JURY FEES**

16 | CALIFORNIA, INC. dba RESCARE POMONA VALLEY, a Delaware corporation; and DOES 1 through 50, inclusive,

17 |

18 | Action Filed: January 6, 2022
   | Trial Date:    None set

19 | Defendants.

20 |

21 | **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

22 | PLEASE TAKE NOTICE that jury fees in the above-captioned matter have been posted by

23 | Plaintiff Jennifer Hutchinson.

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

**NOTICE OF POSTING JURY FEES**

1    Dated:  May 13, 2022                      **C&B LAW GROUP LLP**

2

3                                    By: _____

4                                       Jack Bazerkanian, Esq.
                                      Attorneys for Plaintiff

5                                       Jennifer Hutchinson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF POSTING JURY FEES**